**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001286**
**22-MAY-2015**
**08:36 AM**

NO. CAAP-14-0001286

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BANK OF AMERICA, N.A., Plaintiff-Appellee,
v.
ALEXA NITA RUSSELL, Defendant-Appellant,
and
RICHARD STANLEY HENDERSON, BANK OF HAWAI'I, Defendants-Appellees,
and
JOHN DOES 1-50, JANE DOES 1-50,
DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50,
DOE ENTITIES 1-50, and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-494K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Upon review of the record, it appears that we do not have appellate jurisdiction over Defendant-Appellant Alexa Nita Russell's (Appellant Russell) appeal from the Honorable Elizabeth A. Strance's October 7, 2014 interlocutory order granting Plaintiff-Appellee Bank of America, N.A.'s (Appellee Bank of America), motion for a second extension of time to file a pretrial statement (the October 7, 2014 interlocutory order) because the circuit court has not yet entered an appealable final judgment, as Hawaii Revised Statutes (HRS) § 667-51 (Supp. 2014) and HRS § 641-1(a) (1993 & Supp. 2014) require for an appeal from a civil circuit court foreclosure case such as this.

The circuit court has not yet entered any judgment on Appellee Bank of America's complaint for foreclosure in this case. Although exceptions to the judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, HRS § 641-1(b), the circuit court's October 7, 2014 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Therefore, the circuit court's October 7, 2014 interlocutory order is not independently appealable. Absent an appealable final judgment, Appellant Russell's appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-14-0001286.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001286 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 22, 2015.

Presiding Judge

Associate Judge

Associate Judge

-2-